KENDALL BRILL & KELLY LLP
Charles J. Snyder (287246)
*csnyder@kbkfirm.com*
Xiaorui Yang (368483)
*xyang@kbkfirm.com*
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Office of the Federal Public Defender for the Central District of California and Interim Federal Public Defender Amy M. Karlin

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| Rhonda Burris, individually and as successor-in-interest to Nicholas "Cruz" Burris, Deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Snap Inc.,<br><br>Defendant.<br>———————————<br>Snap Inc.,<br><br>Movant,<br><br>v.<br><br>Office of the Federal Public Defender for the Central District of California; Amy M. Karlin, in her official capacity as Interim Federal Public Defender; and Tyler David Wilkinson,<br><br>Respondents. | Case No. 2:26-cv-12024<br><br>**NOTICE OF REMOVAL OF SUBPOENA-ENFORCEMENT PROCEEDING BY FEDERAL OFFICER [28 U.S.C. §§ 1442(a)(1), 1442(a)(3), 1442(d)(1), 1446]**<br><br>[Filed concurrently with Declaration of Charles J. Snyder; Civil Cover Sheet; Notice of Pendency of Other Actions or Proceedings]<br><br>[Removed from the Superior Court of California, County of Los Angeles, Case No. 23SMCV01428 (Hon. Lawrence P. Riff, Dept. 534)] |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Office of the Federal Public Defender for the Central District of California and Interim Federal Public Defender Amy M.

Karlin, in her official capacity (together, the "FPD"), hereby remove to this Court the subpoena-enforcement proceeding initiated by Snap Inc.'s Notice of Motion and Motion to Compel Tyler David Wilkinson and His Counsel the Federal Public Defenders to Comply with Deposition Subpoenas, filed October 1, 2026, in *Burris v. Snap Inc.*, Los Angeles County Superior Court Case No. 23SMCV01428. This Court has jurisdiction over the removed proceeding under 28 U.S.C. § 1442(a)(1) and (a)(3), because the proceeding is directed to an officer of the courts of the United States, and to an officer and an agency of the United States, for or relating to acts under color of office, and the FPD asserts colorable federal defenses, including the sovereign immunity of the United States. Removal is limited to that subpoena-enforcement proceeding. 28 U.S.C. § 1442(d)(1). The underlying action remains pending in the Superior Court.

## I. THE REMOVED PROCEEDING

1. Snap Inc. ("Snap") is the defendant in *Burris*, a wrongful-death action pending in the Superior Court. Snap issued a deposition subpoena for business records, dated July 23, 2026, directed to the custodian of records of the Office of the Federal Public Defender and demanding records "in the possession, custody, or control of the Federal Public Defender's Office, Drew Havens, or any other federal public defender," and purported to serve it on August 7, 2026 with a production date of August 13, 2026. Declaration of Charles J. Snyder ("Snyder Decl.") Ex. 2 (Declaration of Jessica Grant ("Grant Decl.") Ex. J). The subpoena seeks records from the FPD's file in *United States v. Tyler David Wilkinson*, No. 8:22-cr-00051-JLS (C.D. Cal.), a pending federal criminal case in which the FPD represents Mr. Wilkinson under the Criminal Justice Act, 18 U.S.C. § 3006A. Mr. Wilkinson has pleaded guilty in that action but has not yet been sentenced.

2. On August 12, 2026, Snap served a subpoena on Mr. Wilkinson that largely mirrors the FPD subpoena. That subpoena expressly demands documents "in the custody of the Federal Public Defender's Office." Snyder Decl. Ex. 2 (Grant

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

Decl. Ex. K, Attach. 3).

3. The records Snap seeks consist principally of discovery that the United States produced to the defense under Federal Rule of Criminal Procedure 16, together with FPD communications and other materials obtained in the course of the representation.

4. On August 19, 2026, the Interim Federal Public Defender declined to produce the requested records. Acting as the determining officer under the Judicial Conference's regulations governing testimony and production of records by federal judicial personnel, Guide to Judiciary Policy, Vol. 20, Ch. 8, § 840(b)(3), she invoked the regulations, the sovereign immunity of the United States, and the Supremacy Clause. Snyder Decl. Ex. 2 (Grant Decl. Ex. L).

5. On October 1, 2026, Snap moved in the California Superior Court for an order compelling the FPD and Mr. Wilkinson to produce the records. The motion is set for hearing on October 27, 2026, in Department 534. Snyder Decl. Ex. 1. It seeks a single order operating on a single set of records held by the FPD, which Snap concedes is "the party who, logistically, will effectuate [any] production[.]" *Id.*, Mem. at 3.

6. Copies of all process, pleadings, and orders served on or received by the FPD in the removed proceeding are attached to the concurrently filed Snyder Declaration as Exhibits 1 through 3. 28 U.S.C. § 1446(a). The FPD attaches the public versions of those papers, with slip sheets in place of the conditionally sealed material, and will submit the unredacted material with an application for leave to file under seal under Local Rule 79-5.2.2.

## II. GROUNDS FOR REMOVAL

7. 28 U.S.C. § 1442(a)(3) permits removal of a civil action commenced in state court that is against or directed to "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." It likewise permits removal of an action against or directed to "[t]he United

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

States or any agency thereof or any officer . . . of the United States or of any agency thereof . . . for or relating to any act under color of such office." *Id.* § 1442(a)(1).

8. A "civil action" under § 1442 includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." *Id.* § 1442(d)(1). Snap's motion to compel is such a proceeding. *See In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) ("We have interpreted 'civil action' as including state subpoena proceedings.").

9. An officer removing under § 1442(a) must show that the action is for or relating to an act under color of federal office and must raise a colorable federal defense. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). The statute is construed broadly in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252–53 (9th Cir. 2006). Each requirement is satisfied here.

**A. The FPD Is an Officer of the Courts of the United States and an Officer and Agency of the United States.**

10. The Federal Public Defender is appointed by, compensated as fixed by, and subject to removal by the United States Court of Appeals for the Ninth Circuit. 18 U.S.C. § 3006A(g)(2)(A). The Federal Public Defender's Office is a court office within the federal judiciary, and its personnel are federal judicial personnel subject to the Judicial Conference's subpoena regulations. Guide to Judiciary Policy, Vol. 20, Ch. 8, §§ 810.30, 810.40(a), 840(b)(3). The Federal Public Defender is thus an "officer of the courts of the United States" under § 1442(a)(3) and, alternatively, an officer of the United States under § 1442(a)(1). *See Acker*, 527 U.S. at 431–32 (federal judges removed under § 1442(a)(3)); *Winters v. Taylor*, 333 F. App'x 113, 115 (7th Cir. 2009) (federal public defender properly removed under § 1442(a)).

11. Independently, the Office of the Federal Public Defender is an "agency" of the United States within the meaning of § 1442(a)(1). 28 U.S.C. § 451 defines "agency" to include "any department, independent establishment,

commission, administration, authority, board or bureau of the United States." The office is a federal entity established by Act of Congress, supervised by the court of appeals, and funded through appropriations from which the Director of the Administrative Office of the United States Courts makes payments to and on behalf of the organization. 18 U.S.C. § 3006A(g)(2)(A). For purposes of responding to the subpoena, the Federal Public Defender's Office acts through the Interim Federal Public Defender, an officer of an agency of the United States (*see* 28 U.S.C. § 1442(a)(1)), whose decision Snap seeks to countermand via state-court subpoena proceedings.

**B. The Removed Proceeding Relates to Acts Under Color of Office.**

12. The FPD obtained the subpoenaed records solely in performing its statutory duty to represent Mr. Wilkinson under 18 U.S.C. § 3006A, and it holds them in its official custody. It declined to produce them through the determining-officer process the judiciary's regulations prescribe. *See* Guide to Judiciary Policy, Vol. 20, Ch. 8, §§ 820(a), 840(b)(3), 850. Snap's motion seeks to compel production of those records via state court process and override that official federal determination. The proceeding is therefore "for or relating to" acts under color of office and in the performance of the FPD's duties. 28 U.S.C. § 1442(a)(1), (a)(3); *see Acker*, 527 U.S. at 431–33 (crediting the officer's theory of the case for purposes of the color-of-office inquiry).

**C. The FPD Asserts Colorable Federal Defenses.**

13. The FPD need only assert a federal defense that is colorable, not one that will ultimately prevail. *Acker*, 527 U.S. at 431. The FPD asserts the following federal defenses, among others.

14. ***Sovereign immunity.*** A state-court proceeding to compel a federal entity or officer to produce official records is an action against the United States. Absent an express waiver by Congress, it is barred by sovereign immunity. *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555–56 (9th Cir. 1997); *Swett v. Schenk*, 792

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

F.2d 1447, 1451–52 (9th Cir. 1986); *Louisiana v. Sparks*, 978 F.2d 226, 234–36 (5th Cir. 1992); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989). Congress has not waived the United States' immunity from state-court process directed to the federal judiciary. Indeed, the judiciary's regulations expressly provide that they do not waive it. Guide to Judiciary Policy, Vol. 20, Ch. 8, § 820(d)(1).

15. ***The Supremacy Clause and the judiciary's regulations.*** The Judicial Conference's regulations govern whether federal judicial personnel may produce official records in any legal proceeding, state or federal. *Id.* §§ 810.10(a), 820(a). They direct judicial personnel to "respectfully decline to comply" with a contrary demand unless the determining officer authorizes production. *Id.* § 850(d) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). A state court has no authority to compel a federal officer to act contrary to those regulations, *Elko*, 109 F.3d at 556; *Swett*, 792 F.2d at 1451–52; *Montana v. Gulley*, No. CV 22-31-BLG-SPW-TJC, 2023 WL 2958040, at *3–4 (D. Mont. Mar. 30, 2023) (state subpoena directed to federal judiciary personnel), *report and recommendation adopted*, 2023 WL 2954853 (D. Mont. Apr. 14, 2023); *F.B.I. v. Superior Ct. of Cal.*, 507 F.Supp.2d 1082, 1094 (N.D. Cal. 2007), and no power to direct a federal office or officers in the performance of its or their duties, *Trump v. Anderson*, 601 U.S. 100, 111 (2024) (citing *McClung v. Silliman*, 6 Wheat. 598, 603–605 (1821); *Tarble's Case*, 13 Wall. 397, 405–410 (1872)); *Kline v. Johns*, No. 21-CV-03924-KAW, 2021 WL 3555734, at *3 (N.D. Cal. Aug. 2, 2021).

16. Snap contends that the FPD waived sovereign immunity by voluntarily producing certain records to plaintiffs' counsel. That contention goes to the merits of the defense, not its colorability, and a disputed defense remains a colorable one. *Acker*, 527 U.S. at 431–32; *see also DeFiore v. SOC LLC*, 85 F.4th 546, 560 (9th Cir. 2023); *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994). In any event, Snap is wrong. The Supreme Court has long held that only Congress can waive the sovereign immunity of the United States, that it must do so in unequivocal statutory

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

text, and that immunity waivers are strictly construed. *Lane v. Peña*, 518 U.S. 187, 192 (1996). Immunity "cannot be waived by officials." *United States v. U.S. Fid. & Guar. Co.*, 309 U.S. 506, 513 (1940).

17. ***Federal privileges and obligations.*** Independently, the records sought include defense work product and attorney-client communications in a pending federal criminal case, which federal law protects, Fed. R. Crim. P. 16(b)(2); *United States v. Nobles*, 422 U.S. 225, 238–39 (1975), and whose compelled production would implicate Mr. Wilkinson's Fifth and Sixth Amendment rights. As his appointed counsel, the FPD may—indeed, must—assert the attorney-client privilege on Mr. Wilkinson's behalf, and documents that would be protected by the Fifth Amendment in his hands remain protected in counsel's. *Fisher v. United States*, 425 U.S. 391, 402, 404–05 & n.8 (1976); *In Re Grand Jury Subpoena*, 127 F.4th 139, 143 (9th Cir. 2025); *see also* C.D. Cal. L.R. 83-3.1.2; *In re Navarro*, 93 Cal.App.3d 325, 330-31 (1979); Cal. Bus. & Prof. Code § 6068(e)(1); Cal. R. Prof'l Conduct 1.6.

**D. The Entire Motion Is Directed to the FPD.**

18. Snap's motion seeks the same records from the FPD and from Mr. Wilkinson. The Wilkinson subpoena expressly demands documents "in the custody of the Federal Public Defender's Office," and Snap acknowledges that any production by Mr. Wilkinson would be made by the FPD from the FPD's files. Snyder Decl. Ex. 1, Mem. at 3. An order directing Mr. Wilkinson to produce would therefore operate on the FPD's official custody of the records. The motion in its entirety is a proceeding in which a judicial order is "sought" against a federal officer and is removable under § 1442(d)(1).

## III. PROCEDURAL REQUIREMENTS

19. *Timeliness.* This Notice is filed within 30 days after the FPD first received Snap's motion to compel, on October 1, 2026. 28 U.S.C. § 1446(g).

20. *Venue.* This Court is the district court for the district and division

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

embracing Los Angeles County, where the removed proceeding is pending. 28 U.S.C. §§ 84(c)(2), 1442(a), 1446(a).

21. *Consent.* Consent of other parties is not required for removal under § 1442. *See* 28 U.S.C. § 1446(b)(2)(A) (unanimity requirement applies to actions removed "solely under section 1441(a)").

22. *Notice.* Promptly after filing this Notice, the FPD will give written notice to all parties and will file a copy with the Clerk of the Superior Court. That filing "shall effect the removal," and the Superior Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

23. *Other filings.* The FPD has attached a copy of all process, pleadings, and orders served upon it in the Superior Court through the Declaration of Charles Snyder. The FPD concurrently files a Civil Cover Sheet (Form CV-71) under Local Rule 3-1 and, once a docket is generated, will file a Notice of Pendency of Other Actions or Proceedings under Local Rule 83-1.4, which identifies the underlying state action and the federal criminal case. The FPD will further file an application to seal certain exhibits attached to Snap's motion to compel filed in Superior Court under seal.

24. *Reservation.* By removing this proceeding, the FPD does not waive, and expressly preserves, all arguments related to its sovereign immunity; the Superior Court's lack of jurisdiction over the proceeding and the resulting limits on this Court's derivative jurisdiction upon removal; all objections to the sufficiency of service of Snap's subpoenas and motion; and all other defenses, objections, and privileges, including, but not limited to, under the judiciary's regulations, the Fifth and Sixth Amendments, the attorney-client privilege and work-product doctrine, and ethical rules. The FPD will in due course move to quash the subpoenas and dismiss the removed proceeding under the doctrine of derivative jurisdiction.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067

DATED: October 14, 2026

Respectfully submitted,

KENDALL BRILL & KELLY LLP

By: */s/ Charles J. Snyder*
Charles J. Snyder
Xiaorui Yang
Attorneys for Office of the Federal Public Defender for the Central District of California and Interim Federal Public Defender Amy M. Karlin

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 2500
Los Angeles, CA 90067